

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

970 Broad Street, 7th floor          973-645-2700
Newark, New Jersey 07102

CDA/PL AGR
2025R00026

May 6, 2025

***Via Email***
Laura C. Sayler, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
District of New Jersey
1002 Broad Street
Newark, NJ 07102
Laura_Sayler@fd.org

        Re:    <u>Plea Agreement with Raymond Scura</u>
                  25-CR-665 (CCC)

Dear Ms. Sayler:

       This letter sets forth the plea agreement between your client, Raymond Scura ("Scura"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on May 16, 2025, if it is not accepted in writing by that date. If Scura does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

       Conditioned on the understandings specified below, this Office will accept a guilty plea from Scura to an Information, which charges Scura with Escape from the Custody of the Bureau of Prisons, in violation of 18 U.S.C. § 751(a). If Scura enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Scura for escaping from the custody of the Bureau of Prisons on or about December 3, 2024, or for using a fraudulent or counterfeit check on or about December 18, 2024.

       But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and

initiate any other charges against Scura even if the applicable statute of limitations period for those charges expires after Scura signs this agreement, and Scura agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 751(a) to which Scura agrees to plead guilty in the Information carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence on this charge may run consecutively to any prison sentence Scura is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Scura is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Scura ultimately will receive.

Further, in addition to imposing any other penalty on Scura, the sentencing judge as part of the sentence:

(1)  will order Scura to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)  pursuant to 18 U.S.C. § 3583, may require Scura to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Scura be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Scura may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Scura by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Scura's activities and relevant conduct with respect to this case.

Stipulations

This Office and Scura will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Scura waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Scura understands that, if Scura is not a citizen of the United States, Scura's guilty plea to the charged offense will likely result in Scura being subject to

immigration proceedings and removed from the United States by making Scura deportable, excludable, or inadmissible, or ending Scura's naturalization. Scura understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Scura wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Scura's removal from the United States. Scura understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Scura waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Scura also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Scura. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.No provision of this agreement shall preclude Scura from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Scura and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
UNITED STATES ATTORNEY

By: Christopher D. Amore
Assistant U.S. Attorney

APPROVED:

Elaine K. Lou
Deputy Chief, Criminal Division

I have received this letter from my attorney, Laura C. Sayler, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 6/5/2025
Raymond Scura

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 6/5/2025
Laura C. Sayler, Esq.
Counsel for Defendant